**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Bernard Jackson, #210745, Appellant,

v.

South Carolina Department of Corrections, Respondent.

Appellate Case No. 2024-002004

———————

Appeal From The Administrative Law Court
Crystal Rookard, Administrative Law Judge

———————

Unpublished Opinion No. 2026-UP-347
Submitted June 23, 2026 – Filed July 8, 2026

———————

**AFFIRMED**

———————

Bernard Jackson, pro se.

Christina Catoe Bigelow, of Columbia, for Respondent.

———————

**PER CURIAM:** In this wage dispute between Bernard Jackson and the South Carolina Department of Corrections (DOC), Jackson appeals an order of the Administrative Law Court (ALC), arguing it erred in dismissing his appeal after notification that the parties were in continuing negotiations. Jackson argues he is entitled to ten percent of his earnings to be deposited into his long-term savings

account pursuant to section 24-3-40(A)(4) of the South Carolina Code (2017).[1] We affirm.

Jackson signed a settlement agreement with DOC and a stipulation of dismissal. The agreement provided:

> The above stated amount represents the total settlement which will be placed in Inmate's E.H. Cooper Inmate Account. The required statutory deductions for victim restitution and room and board have already been subtracted . . . . The above stated amount is the total settlement and no additional funds will be . . . placed into long-term savings.

The funds were deposited into Jackson's inmate account, and the stipulation of dismissal was filed with the ALC. Jackson filed an objection to the stipulation of dismissal. By order filed October 14, 2024, the ALC dismissed the appeal based on the stipulation of dismissal. This appeal followed.

Rule 43(k) of the South Carolina Rules of Civil Procedure provides:

> No agreement between counsel affecting the proceedings in an action shall be binding unless reduced to the form of a consent order or written stipulation signed by counsel and entered in the record, or unless made in open court and noted upon the record, or reduced to writing and signed by the parties and their counsel.

"To be enforceable, settlement agreements must either be entered into the court's record or acknowledged in open court and placed upon the record." *Motley v. Williams*, 374 S.C. 107, 110, 647 S.E.2d 244, 246 (Ct. App. 2007); *see Ashfort Corp. v. Palmetto Constr. Grp., Inc.*, 318 S.C. 492, 494, 458 S.E.2d 533, 534 (1995) ("In our opinion, Rule 43(k) is applicable to settlement agreements . . . ."); *id.* at 493–94, 458 S.E.2d at 534 ("Rule 43(k) is intended to prevent disputes as to the existence and terms of agreements regarding pending litigation."). Here, the parties entered into an agreement and filed a stipulation of dismissal with the ALC.

---

[1] Section 24-3-40(A) requires DOC to deduct from a prisoner's wages such things as restitution and child support. Subsection 4 requires, "Ten percent must be available to the inmate during his incarceration for the purchase of incidentals."

We find no error by the ALC in dismissing pursuant to the stipulation of dismissal. *See Kirkland v. Allcraft Steel Co.*, 329 S.C. 389, 392, 496 S.E.2d 624, 626 (1998) ("A stipulation is an agreement, admission[,] or concession made in judicial proceedings by the parties thereto or their attorneys.  Stipulations, of course, are binding upon those who make them." (internal citation omitted)).

**AFFIRMED.**[2]

**THOMAS, KONDUROS, and CURTIS, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.